IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Judith Kendall,            ) | |
| )                          | |
| Plaintiff,       ) | |
| )                          | |
| v.                         ) | No.   10 C 2341 |
| )                          | |
| Allied Interstate, Inc., a Minnesota    ) | |
| corporation,              ) | |
| )                          | |
| Defendant.       ) | Jury Demanded |

## COMPLAINT

Plaintiff, Judith Kendall, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Judith Kendall ("Kendall"), is a citizen of the State of Wisconsin, from whom Defendant attempted to collect a delinquent consumer debt she owed for an HSBC credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Allied Interstate, Inc. ("Allied"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Allied operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant Allied is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Allied conducts business in Illinois.

6. Moreover, Defendant Allied is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Allied acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Kendall is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for an HSBC credit card. When Defendant Allied began trying to collect the HSBC debt from Ms. Kendall, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Allied's collection actions.

8. On January 11, 2010, one of Ms. Kendall's attorneys at LASPD informed Allied, in writing, that Ms. Kendall was represented by counsel, and directed Allied to cease contacting her, and to cease all further collection activities because Ms. Kendall was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant Allied sent a collection letter, dated February 10, 2010, directly to Ms. Kendall, demanding payment of the HSBC debt. A copy of this letter is attached as Exhibit D.

10. Accordingly, on March 25, 2010, Ms. Kendall's LASPD attorney had to send Defendant Allied another letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

11. In utter disregard of the law, Defendant Allied sent yet another collection letter, dated April 5, 2010, directly to Ms. Kendall, demanding payment of the HSBC debt. A copy of this letter is attached as Exhibit F.

12. All of Allied's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant Allied's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

16. Here, the letters from Ms. Kendall's attorney at LASPD, told Defendant Allied to cease communications and cease collections (Exhibits C and E). By

continuing to communicate regarding this debt and demanding payment, Defendant Allied violated § 1692c(c) of the FDCPA.

17. Defendant Allied's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

20. Defendant Allied knew that Ms. Kendall was represented by counsel in connection with her debts because her attorneys at LASPD had repeatedly informed Defendant, in writing (Exhibits C and E), that she was represented by counsel, and had directed Defendant Allied to cease directly communicating with Ms. Kendall. By directly sending Ms. Kendall the February 10, 2010 (Exhibit D) and April 5, 2010 (Exhibit F) collection letters, despite being advised that she was represented by counsel, Defendant Allied violated § 1692c(a)(2) of the FDCPA.

21. Defendant Allied's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Judith Kendall, prays that this Court:

1. Find that Defendant Allied's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Kendall, and against Defendant Allied, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Judith Kendall, demands trial by jury.

Judith Kendall,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: April 15, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

5